# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ERIC RUGGLES

          Petitioner,    :    Case No. 1:23-cv-477

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

          :
          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 13). District Judge Cole has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Order, ECF No. 26).

Petitioner is serving a prison term of twenty years to life for sexual assaults on his minor biological daughters. On direct appeal the Ohio Twelfth District Court of Appeals affirmed the conviction and sentence. *State v. Ruggles*, 2020-Ohio-2886, 154 N.E.3d 151 (2020), and the Supreme Court of Ohio declined jurisdiction over a further appeal. *State v. Ruggles*, 160 Ohio St.3d 1447 (2020). Ruggles' later Application to Reopen under Ohio R. App. P. 26(B) and Petition for Post Conviction Relief under Ohio Revised Code § 2953.21 were also unsuccessful. Ruggles then filed his Petition in this case, pleading six grounds for relief; Ground Six, ineffective assistance of trial counsel, has twelve sub-claims.

1

The Report recommended dismissal of the Petition with prejudice and denial of a certificate of appealability (ECF No. 13, PageID 1508-09).

**Ground One: Violation of the Presumption of Innocence**

In his First Ground for Relief, Petitioner claims his right to the presumption of innocence was violated by the trial judge's initial instructions to the jury essentially to wait until they had heard both sides of the case before making up their minds. Trial counsel made no contemporaneous objection and the Twelfth District held that failure against Petitioner by reviewing this claim only for plain error; it found none. Plain error review is enforcement of the procedural default, rather than a waiver of it. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

**New Evidence of Actual Innocence**

Petitioner offered no excusing cause and prejudice, but claimed actual innocence, relying on the evidence he had presented in support of his Petition for Post-Conviction Relief. The Report rejected Petitioner's actual innocence claim, finding that the evidence presented in post-conviction did not satisfy the required standard for proof of actual innocence adopted by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner objects to the Magistrate Judge's evaluation of the evidence of actual innocence, relying on the opinions of Pamela Tabor and Kamala London filed in support of his Petition for Post-Conviction Relief (Objections, ECF No. 25, PageID 1531-32).

The controlling precedent on actual innocence is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: **"[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."** *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013)(Emphasis added).

The test, then, is whether the Tabor and London Affidavits, taken together, persuade the Court that no reasonable juror would have voted to find Petitioner guilty beyond a reasonable doubt.

The **kind** of evidence which must be presented for actual innocence is "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. 513 U.S. 298, 324 (1995)." No testimony from either Dr. Tabor or Dr. London was presented at trial, so their Affidavits satisfy the criterion of being new evidence. Both of them offer opinion evidence. purportedly based in science, about the scientific conclusion of other witnesses, to wit, Ms. Knisley and Dr. Roediger.

In her Affidavit, Kamala London describes herself as a developmental psychologist specializing in forensic memory and suggestibility for childhood events; she is presently a Professor at the University of Toledo (State Court Record, ECF No. 4, PageID 402, et seq.). Her

3

engagement by post-conviction counsel involved only document review.

> I did not interview any of the witnesses in this case, nor am I offering my opinion about whether sexual activity did or did not take place. Rather the overriding goal is to provide a scientific basis for evaluating the reliability of the witnesses' statements. Statements or reports can be unreliable due to normal processes of forgetting, of distortion, and of reconstruction. Statements can also be rendered unreliable if they are elicited in certain suggestive contexts. Thus, the report focuses on the factors that enhance or degrade the quality of children's reports of prior events.

*Id.*

Dr. London describes her academic background as follows:

> In 1993, I received a BA degree with a double major in psychology and political science with honors from Grand Valley State University in Allendale, Michigan. In 1997, I received my master's degree in experimental psychology with a minor in statistics from the University of Wyoming in Laramie, Wyoming. In 2001, I received my Ph.D. in developmental psychology with a minor in statistics, also earned at the University of Wyoming. I graduated with honors in both psychology and statistics. From 2001 until July 2005, I was a post-doctoral fellow at the Johns Hopkins University School of Medicine, Division of Child and Adolescent Psychiatry in Baltimore, Maryland. The focus of my National Institute of Health T32 Fellowship at Hopkins was in forensic interview techniques and memory for child maltreatment.

Dr. London reports she has been consulted as an expert:

> I have provided consultation for a number of court cases throughout the United States including Alabama, Maryland, Colorado, Minnesota, Michigan, Florida, Washington D.C., North Carolina, New Jersey, Ohio, Indiana, Massachusetts, Florida, Nevada, California, Iowa, Utah, Missouri, Texas, Illinois, Wisconsin, Louisiana, New Hampshire, Washington, and New York.

*Id.* at PageID 404.

Given this description of credentials, Dr. London proceeds to describe at length general learning about child sexual abuse memories. *Id.* at PageID 404-17. She concludes: "**According to extant developmental science, two general possibilities exist to account for this pattern of**

4

**disclosure [made by the victims]. If I was [sic] called as a witness in the trial, I could have provided this scientific framework to the factfinders."** (PageID 417, bold face in original). Dr. London then explains how, had she been called as an expert, she could have explained to the jury how the science of memory has evolved over time, given many cases of child sexual abuse which have received media attention. Her evaluation of the forensic interviews done in this case is "[i]n the current case, the main evidence comprises the girls' statements that came forward during the 2016-2018 interviews. The 2016-2018 interviews by Ms. Jennifer Knisley were very well done." However, had she been called as a witness, she could have given the jury this background with which to evaluate Ms. Knisley's report. *Id.* at PageID 420.

The Magistrate Judge agrees that Dr. Tabor's Affidavit is new scientific evidence in that it draws on the scientific literature related to memories of child sexual abuse to give learning from that literature which a jury could have used to evaluate trial testimony.

Pamela Tabor holds a doctorate in nursing practice and has been practicing nursing in Arkansas for forty-five years. *Id.* at PageID 441. Her engagement in this case by post-conviction counsel involved review of the state court case file "including the medical reports of Dr. Roediger." "The conclusion of my review, factoring in my education and experience concludes there is no medical evidence specific to sexual abuse to sustain findings of sexual abuse." *Id.* at PageID 444.

Dr. Tabor's Affidavit provides her clinical evaluation of the clinical evaluation done by Dr. Roediger. Tabor's, like London's, was a document review only; she neither interviewed the victims nor examined them physically.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court announced a binding interpretation of Fed. R. Evid. 702. Under the Federal Rules of Evidence as interpreted in *Daubert*, "the trial judge must ensure that any and all scientific testimony or evidence

5

admitted is not only relevant, but reliable." *Id.* at 589. To qualify as scientific knowledge, an inference or assertion must be derived by the scientific method. *Id.* at 590 In a case involving scientific evidence, evidentiary reliability will be based on scientific validity. *Id.* at n. 9. Factors bearing on whether reasoning is scientifically valid include: can the theory or technique be tested; has it been subjected to peer review and publication, what is the known or potential rate of error, has it been generally accepted? *Id*. at 593-594. The Sixth Circuit requires a trial judge to take a hard look at scientific evidence. *Turpin v. Merrell-Dow, Inc*., 959 F.2d 1349 (6th Cir. 1992), cited favorably in *Daubert*. See also *Elkins v. Richardson-Merrell, Inc*., 8 F.3d 1068 (6th Cir. 1993), and *United States v. Bonds,* 12 F.3d 540 (6th Cir. 1993)(following *Daubert*). Expert testimony based on scientific research done solely for litigation and neither subjected to peer review nor published in scientific journals and not accompanied by showing of methodology on which it is based is not admissible under 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311 (9th Cir. 1995)(on remand from the Supreme Court); *accord, Johnson v. Manitowoc Boom Trucks, Inc.,* 484 F.3d 426 (6th Cir. 2007).

Considering Nurse Tabor's opinion under the *Daubert* standard, the Magistrate Judge concludes it is not reliable new scientific evidence of innocence. In particular, she provides no scientific authority for the proposition that it is scientifically appropriate to give a clinical opinion based only on the review of another clinician's results. Nurse Stanley's opinion is more thoroughly grounded in the scientific literature. However, her ultimate opinion is that Ms. Nicely's interview was well done.

The burden on a petitioner in an actual innocence case is to prove by a preponderance of the evidence, both old and new, that no reasonable juror could have convicted. In this regard, an Ohio judge who presided at the trial, considering new evidence presented with a petition for post-

6

conviction relief is empowered to determine if that evidence is credible. Here the trial judge concluded it was not (Decision, State Court Record, ECF No. 4, Ex. 48, PageID 507). The Twelfth District affirmed. *Id.* at Ex. 53.

Applying the *Daubert* standard directly but also considering the conclusion of the trial and appellate judges, the Magistrate Judge concludes the London and Tabor Affidavits are not sufficient to prove actual innocence to the standard required by *Schlup* and *McQuiggin* and thus overcome any procedural default. They are opinions rendered years after the abuse testified to at trial by the victims and after only document review. They might have had some persuasive impact on the jury, but they are not enough to overcome the jury's verdict.

**Ground One: Violation of the Presumption of Innocence**

In his First Ground for Relief, Petitioner claims his entitlement to the presumption of innocence was violated by remarks of the trial judge during voir dire. The Report found merits review barred by procedural default. Other than his actual innocence argument, dealt with above, Petitioner makes no objection on Ground One. The Report recommends overruling this Ground if the Court reaches the merits because the Twelfth District's decision was entitled to deference under 28 U.S.C. § 2254(d)(1). Ground One should therefore be dismissed even if the Court overrules the Magistrate Judge's actual innocence conclusion.

**Ground Two: Prosecutorial Misconduct**

In his Second Ground for Relief, Petitioner claims he was denied a fair trial by prosecutorial

7

misconduct by misstating the law during voir dire. Respondent asserted this claim was procedurally defaulted because it was not fairly presented to the Ohio Supreme Court on direct appeal. The Report agreed the claim was procedurally defaulted by failure to state it as a proposition of law on direct appeal and also by lack of a contemporaneous objection at trial.

Petitioner objects merely by stating it was fairly presented: "Although admittedly not the most flushed-out constitutional claim ever made, this was a claim made in the Court of Appeals and again to the Ohio Supreme Court, thereby fully and fairly presenting it to the Ohio Courts for consideration." (Objections, ECF No. 25, PageID 1533.)

The Magistrate Judge stands on the prior analysis. Petitioner's Memorandum in Support of Jurisdiction in the Ohio Supreme Court states only two Propositions of Law, both having to do with sufficiency of the search warrants in this case (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 4, Ex. 55, PageID 617.)

Furthermore, this claim is procedurally defaulted by the unexcused failure to object at trial. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d

542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

**Grounds Three, Four, and Five:**

Petitioner makes no objection to dismissal of these three Grounds for Relief.

**Ground Six: Ineffective Assistance of Trial Counsel**

In his Sixth Ground for Relief, Petitioner makes eleven specific sub-claims of ineffective assistance of trial counsel and concludes with a twelfth "cumulative" claim. The claims are separately numbered with sequential Roman numerals and were discussed in the Report under headings referring to the claims as thus numbered; the same practice will be followed here.

**Ground Six (i): Ineffective Assistance: Failure to Object to Lay Psychological Testimony**

In Ground Six (i) Petitioner claims he received ineffective assistance of trial counsel when his trial counsel allowed both victims to testify at length identifying their medical and psychological conditions and further, concluding that these conditions were caused by Mr. Ruggles. The Report found this sub-claim procedurally defaulted by failure to carry it forward to the Supreme Court on direct appeal.

In his Objections, Petitioner relies solely on the actual innocence exception. The analysis of that exception above also applies here.

**Ground Six (ii): Failure to Object to Prior Bad Acts Evidence**

In Ground Six (ii) Petitioner claims he received ineffective assistance of trial counsel when his attorney did not object to the admission of prior bad acts. The Report recommended rejection of this claim on the merits and also as procedurally defaulted for failure to carry it forward to the Ohio Supreme Court (Report, ECF No. 13, PageID 1490).

Petitioner does not object and in fact concludes: "This is correct as the matter was not raised in the Ohio Supreme Court, and prior counsel attempted to argue points of state law as opposed to federal constitutional law in the current habeas proceedings." (ECF No. 25, PageID 1535).

**Ground Six (iii): Ineffective Assistance: Failure to Object to Improper Vouching**

In Ground Six (iii) Petitioner claims he received ineffective assistance of trial counsel when Attorney Mulligan did not object to improper vouching by witness Jennifer Knisley. The Report recommended this claim be dismissed because the Twelfth District's rejection of the claim was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and because it was procedurally defaulted by failure to carry it forward to the Ohio Supreme Court.

Petitioner admits this claim is defaulted (Objections, ECF No. 25, PageID 1536).

**Ground Six (iv): Ineffective Assistance: Failure to Object to Joinder**

In Ground Six (iv), Petitioner asserts he received ineffective assistance of trial counsel when Attorney Mulligan did not oppose joinder of the two cases involving the two sisters. Petitioner again offers his actual innocence as excusing cause which should be rejected for the reasons given above.

10

**Ground Six (v): Ineffective Assistance: Failure to call as a Defense Witness the States's Medical Expert, Lori Vavul-Roediger**

In Ground Six (v), Petitioner claims he received ineffective assistance of trial counsel when Attorney Mulligan did not call to the stand as a defense witness the State's medical expert. The Report rejected this claim on the merits, stating "To argue that a defense attorney is ineffective for failure to call the State's medical expert as his own witness tests the limits of credible advocacy." (Report, ECF No. 13, PageID 1496). Thus the Twelfth District's conclusion that this claim of ineffective assistance of trial counsel was without merit is not an unreasonable application of *Strickland*.

Petitioner objects but offers no argument as to why the Twelfth District's conclusion is an objectively unreasonable application of *Strickland*. Additionally, Petitioner misstates the statement defense counsel made to the jury when he claims counsel said he would **produce** Dr. Vavul-Roediger. What he actually did was to predict the testimony he would elicit on cross-examination of tis doctor, who had been identified by the State as a witness. *See State v. Ruggles, supra* at ¶ 33.

Petitioner's Objection should be overruled.

**Ground Six (vi): Ineffective Assistance for Failure to Object to the Evidence of Jennifer Knisley**

In Ground Six (vi) Petitioner claims he received ineffective assistance of trial counsel when Attorney Mulligan allowed social worker Jennifer Knisley to testify without the State having properly laid the foundation for her testimony. The Report recommended dismissing of this claim because it was procedurally defaulted, not having been raised on direct appeal. The Report also

11

recommended dismissal because the Twelfth Distdrict found, in denying Petitioner's 26(B) application that the claim was without merit and that was not an objectively unreasonable application of *Strickland*.

Petitioner makes no objection to this recommendation (Objections, ECF No. 2`5, PageID 1538).

**Ground Six (vii) and (viii): Ineffective Assistance: Failure to Hire A Medical or Psychological Expert**

In Grounds Six (vii) and (viii) Petitioner claims he received ineffective assistance of trial counsel from Attorney Mulligan when the attorney did not hire and call a medical or a psychological expert. Petitioner presented these claims for the first time in his Petition for Post-Conviction Relief and the Twelfth District rejected the, on the merits, having considered the Affidavits of Drs. Tabor and London. *State v. Ruggles,* 2022-Ohio-1804 (Ohio App. 12th Dist. May 31, 2022).

Respondent defended these claims on the merits, arguing the Twelfth District's decision was not an unreasonable application of *Strickland*. The Report agreed.

Petitioner objects not on the basis of the content of testimony that would have been given, but because he claims he paid counsel fees for these experts who were not then called (Objections, ECF No. 25, PageID 1538). Petitioner's Affidavit about the payment was attached to his Petition for Post-Conviction Relief, but is not discussed by either the trial court or the Twelfth District. That is because it is irrelevant. Neither *Strickland* nor any application of it known to the undersigned holds that it is ineffective assistance of trial counsel to fail to call a witness because

counsel has been given the witness's expected fee.[1]

**Ground Six (ix): Ineffective Assistance by Failure to Present Documents**

In Ground Six (ix) Petitioner asserts he received ineffective assistance of trial counsel when Attorney Mulligan failed to present various available documents which are said to be impeaching of the victims' testimony[2].

This claim was first made in post-conviction and the Twelfth District dismissed it as speculative about either the content of the records or counsel's efforts to obtain them, The Report recommends dismissing this claim on the merits.

Petitioner's Objection reads in its entirety:

> The records not sought made it difficult for counsel to attack motive and bias. This includes a falsified adoption and years of medical and counseling records. The impact on the jury of hearing the mother, who had gone through a bitter divorce, falsified an adoption would obviously have an impact on the jury.

(ECF No. 25, PageID 1539). The Objection ignores the factual finding by the Twelfth District that the claim as made in post-conviction was speculative, both as to the content of the documents and counsel's effort to obtain them. The claim as made in post-conviction and as repeated in the Petition says nothing about putting the mother of the victims on the stand and then guessing what she would say. The Objection should be overruled[3].

---

[1] Petitioner's counsel objects as to Dr. London: "Again, the decision was unreasonable. The testimony of Dr. London would have detailed The ever-present claim by prosecutors that delayed disclosure is normal. This was challenged by counsel, creating a challenging road to acquittal." This Objection is unintelligible to the undersigned.
[2] Petitioner's numbering of his Objections seems at this point to have become confused.
[3] From context it appears this Objection may be directed to Ground Six (x). As to that Ground, see below.

**Ground Six (x): Ineffective Assistance: Failure to Present Impeachment Evidence of Motive or Bias**

In Ground Six (x) Petitioner asserts he received ineffective assistance of trial counsel when Attorney Mulligan failed to present a number of items of impeachment evidence. The Twelfth District considered this claim on appeal from denial of post-conviction relief and found that it was speculative, both as to the expected content of the documents and testimony and as to its likely impact on the jury. Therefore it was not deficient performance to fail to introduce this evidence. The Report found this to be a reasonable application of *Strickland*.

In his Objections, Petitioner asserts: "Trial counsel's failure to interview, investigate, and subpoena any of the lay witnesses provided by Mr. Ruggles, other than his wife, allowed the credibility of the complaining witnesses to remain unchallenged. This constituted ineffective assistance." This Objection appears to address Ground for Relief Six (xi) which complains of failure to call witnesses. Thus there is no Objection as to the conclusion of the Report on sub-claim (x).

**Ground Six (xi): Ineffective Assistance: Failure to Call Witnesses**

In Ground Six (xi) Petitioner claims he received ineffective assistance of trial counsel when Attorney Mulligan did not call as witnesses any of the eighteen people to whom Petitioner referred him except Petitioner's spouse, who he says was not prepared. The Report recites the Twelfth District's discussion of this claim and finds it entitled to deference as a reasonable application of *Strickland* (ECF No. 13, PageID 1507, *et seq*.) Petitioner's entire objection is as quoted above under Ground Six (x). This is mere assertion without any argument grounded in applications of *Strickland* to show that it is unreasonable.

14

**Ground Six (xii) Cumulative Effect of Ineffective Assistance Of Trial Counsel**

In Ground Six (xii) Petitioner asserts that the cumulative effect of the ineffective assistance of trial counsel detailed in Grounds Six (i) through (xi) renders his conviction unconstitutional. The Report rejected this claim as barred by precedent, *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006). The Objections make no comment.

**Conclusion**

Having reviewed the Report in light of the Objections, the Magistrate Judge adheres to his prior conclusion and respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 23, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

15

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #